EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN FORESTIER, conocido por JOHN FORESTIER, acusado y apelante.

No. 3125.—*Visto:* Mayo 26, 1927. *Resuelto:* Mayo 31, 1927.

1. LIBELO Y CALUMNIA—RESPONSABILIDAD CRIMINAL—PROCESO Y CASTIGO—ACUSACIÓN O DENUNCIA—SU SUFICIENCIA.—Cuando en la denuncia se imputa directamente un delito y no un "relato o historia", la misma no puede ser sostenida de acuerdo con la sección 2 y sí de acuerdo con la sección 1 de la Ley No. 49 de 1911 (p. 172).

2. LIBELO Y CALUMNIA—RESPONSABILIDAD CRIMINAL—PROCESO Y CASTIGO—APELACIÓN—CONFIRMACIÓN.—Cuando las palabras pueden considerarse como meros epítetos pero el *innuendo* es que el acusado quiso imputar un delito, en ausencia de demostración de que fueran tales epítetos y que nadie las entendió como que imputaban un delito, procede sostener la denuncia y confirmar la sentencia apelada.

EN RECONSIDERACIÓN

LIBELO Y CALUMNIA—RESPONSABILIDAD CRIMINAL—DELITOS—INTENCIÓN CRIMINAL.—Cuando otras palabras usadas puedan limitar o hacer inofensivo el uso de la palabra *ladrón*, al acusado corresponde demostrar el uso innocuo de tal palabra.

SENTENCIA de *Charles E. Foote,* J. (Mayagüez), condenando al acusado por delito de injuria y calumnia. *Confirmada.*

R. *Martínez Nadal* y *Pascasio Fajardo,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelante fué convicto del delito de injuria y calumnia. Dijo: "Usted," dirigiéndose al Lcdo. Vázquez, "y éste," dirigiéndose a otra persona, "son dos ladrones; ya sabemos lo que hicieron en Quebrada Grande." En la denuncia por el delito de calumnia se alegaba que con estas palabras el acusado imputaba el delito de robo.

[1] El apelante—substancialmente éste es su único señalamiento de error—ataca la suficiencia de la denuncia. No podemos convenir con el fiscal en que la denuncia puede ser sostenida de acuerdo con la sección 2 de la ley de marzo 9, 1911, según aparece en las leyes de dicho año, página 172, ya que en esta denuncia se imputa directamente un delito y no un "relato o historia." En otras palabras, la denuncia se presenta exclusivamente fundada en la primera sección de la ley, que dice así:

"Se entiende por calumnia toda falsa y maliciosa imputación hecha de palabra y públicamente contra otra persona natural o jurídica, imputándole la comisión de hecho constitutivo de delito."

El caso de *El Pueblo* v. *Colberg,* 24 D.P.R. 673, ilustra este extremo.

Sin embargo, ese caso también resuelve que cuando las palabras usadas son razonablemente susceptibles de ser interpretadas en sentido de que imputan un delito, puede sostenerse la denuncia. Las palabras usadas son susceptibles de tal interpretación. Ellas imputan directamente al perjudicado que es un ladrón. Si bien las palabras podrían considerarse que son algo ambiguas y como meros epítetos, sin embargo, el *innuendo* es que el acusado quiso imputar al perjudicado ser un ladrón. En la denuncia había suficientes alegaciones para someter al acusado a juicio. En-

tonces tal vez éste nos podría demostrar que las palabras fueron meros epítetos y que nadie las entendió como que imputaban un delito. En ausencia de tal demostración, *debe confirmarse la sentencia apelada.*

RECONSIDERACIÓN

(Julio 7, 1927)

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En respuesta a una moción de reconsideración podemos decir que la convicción en este caso está basada en la teoría de que el acusado al llamar al testigo "ladrón" era culpable de injuria y calumnia.

Podría concebirse que otras de las palabras usadas pudieron haber limitado o hecho inofensivo el uso de la palabra "ladrón", pero al acusado correspondía demostrar el uso innocuo de tal palabra.

El apelante ahora alega que dichas palabras no fueron oídas por terceras personas. Además del perjudicado, dos testigos declararon haber oído las palabras pronunciadas. El único error señalado se refiere a la suficiencia de la denuncia y en ésta se alegaba que las palabras fueron pronunciadas públicamente.

*Debe declararse sin lugar la moción.*